DANIEL R. FOSTER (SBN 179753)
*dfoster@mwe.com*
MANDY H. KIM (SBN 267513)
*mhkim@mwe.com*
McDERMOTT WILL & EMERY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614
Telephone: 949-851-0633
Facsimile: 949-851-9348

Attorneys for Plaintiff
LYNX GRILLS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| LYNX GRILLS, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>v.<br><br>0130 OUTDOOR ADVENTURES, LLC, dba ORANGE COUNTY BBQ & FIREPLACE,<br>a California limited liability company,<br><br>  Defendant. | **CASE NO.:**<br><br>**COMPLAINT FOR:**<br>**(1) Infringement Of Federally Registered Trademark 15 U.S.C. § 1114 (Lanham Act § 32)**<br><br>**(2) Federal Unfair Competition 15 U.S.C. § 1125(A) (Lanham Act § 43(A))**<br><br>**(3) False Advertising 15 U.S.C. 1125(A) (Lanham Act § 43(A))**<br><br>**(4) Common Law Trademark Infringement**<br><br>**(5) Common Law Unfair Competition**<br><br>**(6) California Unfair Competition (California Business And Professions Code § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT                                              - 1 -

Plaintiff, Lynx Grills, Inc. ("Lynx") by and for its Complaint, alleges on personal knowledge as to its own actions, and upon information and belief as to the actions of others, as follows:

**INTRODUCTION**

1. This is an action at law and in equity for trademark infringement, false advertising, and unfair competition. Plaintiff, Lynx, is the premier manufacturer of luxury, stainless steel outdoor kitchen products and accessories that are sold exclusively through authorized dealers and distributors. Defendant, 0130 Outdoor Adventures, LLC, dba Orange County BBQ & Fireplace ("Outdoor Adventures"), a retailer of grills, outdoor islands, fireplaces, and various other items for the outdoors, is not an authorized dealer or distributor of Lynx products, but has actively used the LYNX trademarks in connection with its retail website, and the sale and distribution of Lynx products without the consent and authorization of Lynx. Outdoor Adventures' use of the LYNX mark is likely to cause confusion or mistake and to deceive consumers as to the source of the products provided under that mark, or as to the sponsorship or other commercial affiliation of Outdoor Adventures' retail business with Lynx, and these activities are all likely to cause considerable harm to Lynx and its business.

**THE PARTIES**

2. LYNX was incorporated in the State of Delaware in 2004, and maintains its principal place of business at 5895 Rickenbacker Road, Commerce, California 90040.

3. Upon information and belief, Outdoor Adventures was registered in the State of California on or about January 1, 2016, and is a California limited liability company having a principal place of business 2278 Newport Blvd., Costa Mesa, CA 92627, and a registered agent address at 1927 Harbor Blvd., Suite 610, Costa Mesa, CA 92627.

COMPLAINT - 2 -

## JURISDICTION AND VENUE

4. This is an action seeking injunctive relief, monetary remedies, other equitable remedies, and attorneys' fees based upon Outdoor Adventures' trademark infringement, false advertising, and unfair competition in connection with its use of the LYNX trademarks in relation to its retail services and outdoor products, which unlawful acts have occurred, in significant part, in the state of California and in this district.

5. This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, and pursuant to the Court's pendent jurisdiction.

6. This Court has personal jurisdiction over Outdoor Adventures because, inter alia, Outdoor Adventures, through its retail store at 2278 Newport Blvd., Costa Mesa, CA 92627, is present in this judicial district, transacts business in this judicial district, and has committed acts in this judicial district upon which the claims asserted in this lawsuit are based.

7. Venue is proper in this judicial district under the provisions of 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF AND ITS LYNX BUSINESS

8. As reflected on its website, www.lynxgrills.com, Lynx is the premier manufacturer of luxury, stainless steel outdoor kitchen products and accessories built exclusively for outdoor use and provides these products exclusively through authorized distributors and dealers in the United States and Canada.

9. Since 1996, Lynx has provided professional grills and a family of related products for luxury outdoor kitchens. The Lynx professional grills are known as the "world's greatest grill," and are built for durability and performance, while carrying the company's signature stainless steel look.

10. Because Lynx only sells its products through authorized distributors and dealers, Lynx has gone to considerable expense to design and control its marketing collateral. In doing so, it exercises great care and deliberation with respect to the best way to present its products in light of various concerns such as the overall impression on the consumer, the accuracy of product representations, and reducing the risk of copying by competitors.

11. To ensure accurate product representation as well as consistent sales and maintenance of its products, Lynx regulates all uses of its trade name, trademarks, and marketing collateral by express agreement with authorized distributors and dealers.

12. LYNX is an arbitrary term with respect to "barbecue grills, gas grills and electric grills," among other goods, and was adopted by Lynx's predecessor-in-interest to identify the particular goods that are the subject of the trademark registrations infringed by Outdoor Adventures.

13. Through Lynx's longstanding, extensive and exclusive use of LYNX, Lynx has enjoyed tremendous commercial success, in part, due to its sale of products under the LYNX trademarks. The LYNX marks are readily recognized by consumers of luxury grills and outdoor kitchen products and are a valuable asset of Lynx.

14. Further, LYNX is the subject of U.S. Trademark Registration Nos. 2,609,766 ("the '766 registration") for the mark LYNX, and 2,666,091 ("the '091 registration") for the mark LYNX & Design (Lynx's logo), both of which were issued to Lynx's predecessor-in-interest. The above-referenced registrations were issued on August 20, 2002 and December 24, 2002 respectively, based on a first use in commerce date of January 01, 1997, in conjunction with "barbecue grills, gas grills and electric grills."

15. These registrations have achieved "incontestable" status under the Federal Trademark Act. Lynx is also the owner of several other LYNX formative U.S. Trademark Registrations, including U.S. Trademark Registration Nos. 3,881,367 ("the '367 registration") for the mark CALIFORNIA GRILL BY LYNX & Design, which has also achieved incontestable status, 4,606,115 for the mark SEDONA BY LYNX ("the '115 registration"), 5,078,514 for the mark NAPOLI PIZZA OVEN BY LYNX ("the '514 registration"), and 5,200,383 for the mark ASADO BY LYNX ("the '383 registration"). Lynx is also the owner of LYNX formative U.S. Trademark Application Nos. 86/973,616 for the SMARTGRILL BY LYNX mark ("the '616 application") and 86/973,609 for the mark SONOMA SMOKER BY LYNX ("the '609 application). Copies of the LYNX and LYNX formative registrations and applications are attached to this Complaint as Exhibit A.

16. Pursuant to 15 U.S.C. § 1057(b), Lynx registrations are prima facie evidence of the validity of Lynx's claim to trademark rights in LYNX, and of the exclusive right of Lynx to use the LYNX marks in commerce in connection with "barbecue grills, gas grills and electric grills," "barbecue grills, gas grills, and electric grills; accessories and complementary products for barbecue grills, gas grills, and electric grills, namely, collapsible barbecue islands and components thereof, namely, side burners, access doors, utility drawers, and refrigerators sold as an assembly or as individual units," "carts for gas burning ovens," "gas burning ovens; accessories for gas burning ovens, namely, carts adapted to fit gas burning ovens, excluding barbecues and grills," "interactive computer software for providing interactive connectivity to grills for the purposes of controlling temperature, timing and settings, for storing and recalling of personal settings and cooking preferences, and for monitoring and tracking the cooking process, energy conservation and shutdown in barbecue grills, and gas grills; computer software for barbecue grills and gas grills, namely, computer operating software and downloadable software application for mobile devices, personal computers,

consoles, tablets for remotely controlling barbecue grills and gas grills," "barbecue grills; barbecue smokers; barbecue smoker accessories sold as an assembly with barbeque smokers, namely, convection plates, lava rock for use in barbecue smokers, smoker boxes, mobile kitchen carts, wireless local area network enabled antenna, prep and serve countertop, power burners, side burners with prep stations, single and double burners, LCD control screens, temperature probes, wire racks, and dip trays; smoker ovens," and "barbecue grills, gas grills; accessories and complementary products for barbecue grills and gas grills, namely, ovens and burners for grills; griddle plates sold as a feature of the grills."

17. Through its predecessor-in-interest, Lynx commenced use of both LYNX and LYNX and Design in U.S. commerce at least as early as January 1, 1997, providing it with a right of priority in connection with the "barbecue grills, gas grills, and electric grills." Additionally, pursuant to 15 U.S.C. § 1057(c), the November 18, 2001 filing of the LYNX and LYNX and Design applications, which matured into the '766 and '091 registrations, constituted constructive use of the LYNX trademark on that filing date, conferring a right of priority, nationwide in effect, in connection with the goods specified in the registration (namely, goods associated with "barbecue grills, gas grills and electric grills") against any other entity (with certain statutory exceptions, none of which applies to Outdoor Adventures).

18. Accordingly, Lynx is the owner of all rights in and to the LYNX trademarks for use on and in connection with "barbecue grills, gas grills and electric grills."

**OUTDOOR ADVENTURES' WRONGFUL ACTS**

19. On information and belief, at all times relevant to this Complaint, Outdoor Adventures is and has been aware of Lynx's business and the products it sells under the LYNX trademarks, and the goodwill represented and symbolized by the LYNX marks.

20. Outdoor Adventures is not an authorized distributor or dealer of Lynx products.

21. Outdoor Adventures is not licensed to use any of the LYNX family of trademarks.

22. Recently, Lynx became aware of Outdoor Adventures' use of the LYNX trademark and the LYNX logo throughout its retail website without the express permission of Lynx. See Exhibit B (a true and correct copy of a screenshot of Outdoor Adventures' retail website bearing the LYNX mark and LYNX logo).

23. On information and belief, Outdoor Adventures' unauthorized use of the LYNX name in connection with its retail website was made with full awareness of Lynx's prior rights to and usage of the LYNX trademarks.

24. Further, Outdoor Adventures was made aware of the unauthorized nature of such use due to the successive cease and desist letters and electronic mailings sent on March 21, 2017 and April 26, 2017, and the delivery of the April 26, 2017 correspondence by process server on May 25, 2017.

25. Outdoor Adventures' unauthorized use of the LYNX trademarks leads consumers to erroneously believe that Outdoor Adventures is affiliated with or sponsored by Lynx as an authorized retailer, distributor, or dealer of Lynx's high end luxury outdoor kitchen products. Moreover, because Lynx has at least 19 authorized dealers within 20 miles of Outdoor Adventures' location, consumers are more likely to erroneously believe that Outdoor Adventures is another reputable, authorized retailer, distributor, or dealer of Lynx products.

26. In addition to unauthorized use of the LYNX trademarks, Outdoor Adventures disparages Lynx's products, while directing consumers to other brands of outdoor grills. See Exhibit C (true and correct copies of web pages from www.orangecountybackyard.com).

27. Soon after Lynx became aware of Outdoor Adventures' unauthorized use of its marks, and disparagement of its products, counsel for Lynx sent, by

COMPLAINT - 7 -

Federal Express and electronic mail on March 21, 2017, a cease and desist letter to Outdoor Adventures demanding, inter alia, that Outdoor Adventures terminate its use of the LYNX trademarks, and remove its disparaging comments regarding Lynx's products. A copy of the March 21, 2017 letter is attached hereto as Exhibit D.

28. Outdoor Adventures did not respond to the March 21, 2017 cease and desist letter; however, Outdoor Adventures removed some of the LYNX trademarks.

29. Counsel for Lynx sent a second cease and desist letter, by Federal Express and electronic mail on April 26, 2017, to Outdoor Adventures demanding the remaining uses of the LYNX trademarks and disparaging comments regarding Lynx's products be removed from Outdoor Adventures' retail website. A copy of the April 26, 2017 letter is attached hereto as Exhibit E.

30. Outdoor Adventures refused to accept delivery of the April 26, 2017 correspondence.

31. On May 25, 2017 Lynx delivered the April 26, 2017 letter via process server, and confirmed Outdoor Adventures' receipt of its second demand for removal of its LYNX trademarks and the disparaging comments relating to Lynx's products. A copy of the signed affidavit of Kelley Hansen dated May 25, 2017 is attached hereto as Exhibit F.

32. The unauthorized use of the LYNX trademarks on Outdoor Adventures' website attempts to attract consumers to Outdoor Adventures' retail website by leading consumers to erroneously believe that Outdoor Adventures is an authorized retailer, distributor, or dealer of the famous Lynx outdoor kitchen products, only to then disparage the Lynx products, while directing consumers to other brands.

33. Outdoor Adventures' use of the LYNX trademarks unfairly and unlawfully wrests from Lynx control over the federally registered LYNX

COMPLAINT - 8 -

1  trademarks as well as the considerable goodwill and reputation Lynx has cultivated
2  in the marks.

3      34. Lynx has no control over Outdoor Adventures' business, and Lynx's
4  valuable reputation and the hard-earned goodwill built up in the LYNX trademarks
5  for many years may be permanently damaged if Outdoor Adventures continues to
6  associate its store and products sold therein under the guise of being an authorized
7  Lynx dealer using the LYNX trademarks.

8      35. Unless such conduct is enjoined, Outdoor Adventures' acts will greatly
9  injure the value of the LYNX trademarks and the ability of Lynx to commercially
10 identify its products under the LYNX marks.

## COUNT I

## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## 15 U.S.C. § 1114 (LANHAM ACT § 32)

14     36. Lynx repeats and incorporates by reference the allegations of
15 Paragraphs 1 through 35 as if fully set forth herein.

16     37. Lynx is the owner of several U.S. Trademark Registrations, including
17 U.S. Trademark Registration Nos. 2,609,766 and 2,666,091 and the LYNX
18 trademarks made the subject of those registrations, in which the registrations are
19 valid, subsisting, and in full force and effect.

20     38. Outdoor Adventures' conduct is likely to cause confusion, to cause
21 mistake or to deceive consumers as to the origin, source, or sponsorship of Outdoor
22 Adventures' retail services, and is likely to create the false impression that Outdoor
23 Adventures' products are authorized, sponsored, endorsed or licensed by, or
24 affiliated with Lynx.

25     39. The public, including Outdoor Adventures, has been on constructive
26 notice of Lynx's exclusive rights in the LYNX trademarks since 2002, well over ten
27 years before Outdoor Adventures began to market its retail services in connection
28 with the LYNX marks.

COMPLAINT      - 9 -

40. Outdoor Adventures' conduct is willful, in bad faith, and with full knowledge that Outdoor Adventures has no right, license or authority to use the LYNX trademarks or any other designation confusingly similar thereto.

41. Outdoor Adventures' conduct is intended to reap the benefit of the goodwill that Lynx has created in the LYNX trademarks, and constitutes infringement of Lynx's federally registered LYNX trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42. Because Outdoor Adventures is using the LYNX trademarks in connection with its business in an unauthorized manner, Outdoor Adventures has caused and is causing substantial irreparable harm to Lynx and will continue to damage Lynx, and to deceive consumers, unless enjoined by this Court.

43. Lynx has no adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION

## 15 U.S.C. § 1125(A) (LANHAM ACT § 43(A))

44. Lynx repeats and incorporates by reference the allegations of Paragraphs 1 through 43 as if fully set forth herein.

45. Outdoor Adventures' conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Outdoor Adventures' retail services and products offered in connection with the LYNX marks, and is likely to create the false impression that Outdoor Adventures' products are authorized, sponsored, endorsed or licensed by, or affiliated with Lynx.

46. Outdoor Adventures' conduct constitutes unfair competition, false designation of origin, and use of a false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Because Outdoor Adventures is using the LYNX trademarks in connection with its business in an unauthorized manner, Outdoor Adventures has

COMPLAINT - 10 -

caused and is causing substantial irreparable harm to Lynx and will continue to damage Lynx and to deceive consumers unless enjoined by this Court.

48. Lynx has no adequate remedy at law.

## COUNT III

## FALSE ADVERTISING

## 15 U.S.C. § 1125(A) (LANHAM ACT § 43(A))

49. Lynx repeats and incorporates by reference the allegations of Paragraphs 1 through 48 as if fully set forth herein.

50. Outdoor Adventures has made false and misleading statements in connection with Lynx products on its retail website. A copy of Outdoor Adventures' statements is attached hereto as Exhibit C.

51. Outdoor Adventures has stated "if you're looking at Lynx BBQ's, come see the Blaze Pro products - MUCH better quality and LESS money - you will clearly see why Blaze is outpacing Lynx in the high-end grill market!" on its retail website's landing page. Outdoor Adventures' statement is false and/or misleading.

52. Outdoor Adventures has made false and misleading statements regarding Lynx's products on the landing page of its website. On information and belief, Outdoor Adventures made false and misleading statements regarding Lynx's products to promote and sell product brands Outdoor Adventures carries and sells.

53. Outdoor Adventures' false and misleading statements actually deceived or had the tendency to deceive a substantial segment of consumers.

54. Outdoor Adventures promotes itself as a knowledgeable source for barbeque grills, gas grills, and electric grills, among other outdoor products. Outdoor Adventures' false and misleading statements regarding the quality and value of Lynx's products of consumers, while using LYNX trademarks without authorization is calculated to deceive consumers. Outdoor Adventures' deceptive statements and unauthorized association with Lynx is material to Lynx's harm.

55. Outdoor Adventures made false and misleading statements on its website, which is accessible throughout, at minimum, the United States. Outdoor Adventures' false and misleading statements relating to Lynx's products entered interstate commerce via Outdoor Adventures' website.

56. Due to Outdoor Adventures' false and misleading statements regarding Lynx's products on its retail website, Lynx has been and is likely to continue to be injured by a decrease in goodwill associated with Lynx's products. Further, Outdoor Adventures' false and misleading statements relating to Lynx's products on its retail website are diverting sales from Lynx to brands Outdoor Adventures sells via its brick and mortar store(s) and retail website.

57. Outdoor Adventures has caused and is causing substantial irreparable harm to Lynx and will continue to damage Lynx, and to deceive consumers, unless enjoined by this Court.

58. Lynx has no adequate remedy at law.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

59. Lynx repeats and incorporates by reference the allegations of Paragraphs 1 through 58 as if fully set forth herein.

60. Outdoor Adventures' conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Outdoor Adventures' retail services and products offered in connection with the LYNX marks, and is likely to create the false impression that Outdoor Adventures' products are authorized, sponsored, endorsed or licensed by, or affiliated with Lynx.

61. Outdoor Adventures had actual and constructive notice of Lynx's exclusive rights in the LYNX trademarks since 1997, years before Outdoor Adventures began to market its retail services in connection with the LYNX marks.

62. Outdoor Adventures' conduct is willful, in bad faith, and with full

COMPLAINT                                   - 12 -

1 knowledge that Outdoor Adventures has no right, license or authority to use the
2 LYNX trademarks or any other designation confusingly similar thereto.

63. Outdoor Adventures' conduct is intended to reap the benefit of the goodwill that Lynx has created in the LYNX trademarks, and constitutes trademark infringement in violation of the common law of California and other states.

64. Because Outdoor Adventures is using the LYNX trademarks in connection with its business in an unauthorized manner, Outdoor Adventures has caused and is causing substantial irreparable harm to Lynx and will continue to damage Lynx, and to deceive consumers, unless enjoined by this Court.

65. Lynx has no adequate remedy at law.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

66. Lynx repeats and incorporates by reference the allegations of Paragraphs 1 through 65 as if fully set forth herein.

67. Outdoor Adventures' conduct is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, source, or sponsorship of Outdoor Adventures' retail services and products offered in connection with the LYNX marks, and is likely to create the false impression that Outdoor Adventures' products are authorized, sponsored, endorsed or licensed by, or affiliated with Lynx.

68. Outdoor Adventures' conduct constitutes unfair competition in violation of the common law of California and other states.

69. Outdoor Adventures' conduct is willful, in bad faith, and with full knowledge that Outdoor Adventures has no right, license or authority to use the LYNX trademarks or any other designation confusingly similar thereto.

70. Because Outdoor Adventures is using the LYNX trademarks in connection with its business in an unauthorized manner, Outdoor Adventures has caused and is causing substantial irreparable harm to Lynx and will continue to

COMPLAINT - 13 -

damage Lynx, and to deceive consumers, unless enjoined by this Court.

71. Lynx has no adequate remedy at law.

# COUNT VI
# CALIFORNIA UNFAIR COMPETITION
# (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200)

72. Lynx repeats and incorporates by reference the allegations of Paragraphs 1 through 71 as if fully set forth herein.

73. Outdoor Adventures' aforesaid conduct, as alleged in Lynx's above claims for relief, also constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

74. The wrongful acts of Outdoor Adventures proximately caused, and will continue to cause, Lynx substantial injury including confusion of potential customers, injury to its reputation, and diminution of the value of its trademarks. These actions will cause imminent irreparable harm and injury to Lynx, the amount of which will be difficult to ascertain, if Outdoor Adventures' acts continue.

75. As a direct and proximate result of Outdoor Adventures' wrongful acts, Plaintiff has been injured and damaged, and is entitled to injunctive relief and restitution in an amount to be proven at trial.

76. Lynx has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Permanent injunction prohibiting Outdoor Adventures, its officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the LYNX trademarks, or any confusingly similar variation thereof, as, or as a component of, a trademark,

1 trade name or otherwise, in connection with the advertising, promoting, marketing, offering, selling or provision of its retail services and related products in the United States, and from otherwise infringing the LYNX trademarks;

B. Permanent injunction requiring Outdoor Adventures to remove all appearances of the LYNX trademarks, and any confusingly similar variations thereof, from its web pages, brick and mortar stores, business forms, mailing labels, invoices, sales aids, advertisements, and all other advertising, sales and promotional materials;

C. An order requiring the surrender to Plaintiff of all goods and other materials in Outdoor Adventures' possession, custody or control and bearing the LYNX trademarks, or any other designation which incorporates the LYNX trademarks, for the destruction of such goods and materials by Plaintiff, and requiring further the filing and service of a certified report by Outdoor Adventures, identifying and attesting to the surrender of those goods and other materials, in such particular details as the Court shall deem appropriate;

D. An order requiring the issuance of a corrective notice by Outdoor Adventures, approved in advance by the Court, and sent to each customer who purchased from Outdoor Adventures any product bearing the LYNX marks or any of the LYNX trademarks was and is in violation of Plaintiff's proprietary rights in the LYNX trademarks confusingly similar variations thereof, which notice indicates that Outdoor Adventures is neither an authorized distributor or dealer of the LYNX trademarked products, and that Outdoor Adventures' use;

E. An accounting for all profits derived by Outdoor Adventures and its subsidiaries and affiliates from their unlawful acts;

F. An award of such monetary remedies in an amount sufficient to compensate Plaintiff for losses it has sustained as a consequence of Outdoor Adventures' unlawful acts, as well as the profits of Outdoor Adventures and its subsidiaries and affiliates attributable to the unlawful acts;

COMPLAINT - 15 -

G.  An award of treble damages or other enhanced monetary remedies to Plaintiff;

H.  An award of attorney's fees and costs to Plaintiff; and

I.  Such further relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

LYNX GRILLS, INC.

Date: June 16, 2017         By:     /s/*Mandy H. Kim*
                                    Daniel R. Foster (SBN 179753)
                                    Mandy H. Kim (SBN 267513)
                                    McDERMOTT WILL & EMERY LLP
                                    4 Park Plaza, Suite 1700
                                    Irvine, California  92614
                                    Tele:  949-851-0633
                                    Facsimile:  949-851-9348

                                    Howard S. Michael
                                    Susan H. Frohling
                                    Emily T. Kappers
                                    BRINKS GILSON & LIONE
                                    455 N. Cityfront Plaza Drive
                                    Chicago, Illinois  60611-5599
                                    Tele:  (312) 321-4200
                                    Facsimile:  312-321-4299

DM_US 82626357-1.084815.0069

COMPLAINT                               - 16 -